UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

_____

Nº11-CV-02263 (JFB)
_____

HERMAN VASQUEZ,

Petitioner,

VERSUS

D. MARTUSCELLO, SUPERINTENDENT OF COXSACKIE CORRECTIONAL. FACILITY

Respondent.

_____

**MEMORANDUM AND ORDER**
December 22, 2011
_____

Joseph F. Bianco, District Judge:

Herman Vasquez (hereinafter "Vasquez" or "petitioner") petitions this Court for a writ of habeas corpus, pursuant to 28 U.S.C. § 2254, to vacate his conviction for one count of criminal sexual act in the first degree. Vasquez challenges his conviction on the following grounds: (1) denial of effective assistance of trial counsel; and (2) his plea was not knowing and intelligent. D. Martuscello (hereinafter "respondent") moves to dismiss the petition as untimely.

For the reasons set forth below, the respondent's motion to dismiss is granted and the petition is dismissed. Specifically, the conviction under attack became final on June 7, 2009. Under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), a petition must be filed no later than one year following the date a conviction becomes final. As the present petition was filed on May 4, 2011, almost eleven months after the one-year period expired, it is untimely. Moreover, there is no basis for equitable tolling, and no basis for an actual innocence claim. Accordingly, the petition is dismissed as time-barred.

I. BACKGROUND

On April 9, 2007, petitioner withdrew his plea of not guilty and entered a plea of guilty for the crime of criminal sexual act in the first degree.[1] (April 9, 2007 Minutes of

---

[1] Originally, the defendant was charged with multiple counts, on three different docket numbers, including at least three B felonies which each carried a minimum term of imprisonment of five years and a maximum of twenty-six years. (Plea Tr. at 4-5.) It was the People's intention that should the case go

Plea ("Plea Tr.") at 7, 11.) At that time, petitioner admitted that on November 22, 2006, at 55 Bedford Street in Westbury, New York, he inserted his penis into the anus of a victim who, at the time, was less than 11 years old. (*Id*. at 10.) An official Spanish Interpreter was present for the proceedings. (*Id*. at 2.)

Before entering his plea of guilty, petitioner's attorney clearly stated on the record that her client was pleading guilty to the charge with the understanding that the court would impose a sentence of eighteen years' imprisonment followed by five years' post-release supervision. (*Id*. at 6.) His attorney also indicated that she had advised petitioner that he faced possible deportation after he served his sentence and that a new statute had been passed that may subject him to civil confinement at the conclusion of his sentence. (*Id*.) Petitioner also indicated that, except for the court,[2] no one made any promises to him. (*Id.* at 8.) Additionally, the court advised Vasquez of his rights and Vasquez agreed to waive said rights. (*Id*. at 2-4, 10-11.)

On July 12, 2007, petitioner was sentenced, in accordance with his plea agreement, to eighteen years' imprisonment and five years' post-release supervision. (July 12, 2008 Minutes of Sentencing ("Sentencing Tr.") at 3-4.)

On or about July 16, 2007, petitioner moved to vacate his judgment on the ground that he was denied effective assistance of counsel. (Motion to Vacate, July 16, 2007.) By Order dated September 19, 2007, the County Court, County of Nassau, denied petitioner's motion. *People v. Vasquez*, SCI No. 818N/07 (County Court, Nassau County September 19, 2007).

Petitioner directly appealed his conviction to the New York Supreme Court, Appellate Division, Second Department, which affirmed his conviction on April 7, 2009. *People v. Vasquez*, 61 A.D.3d 309, 875 N.Y.S.2d 901 (N.Y. App. Div. 2009). Petitioner did not appeal the Second Department's decision. Petitioner was served with Notice of Entry of the Second Department's Order on May 8, 2009. (Notice of Entry, May 8, 2009).

Petitioner filed his second motion to vacate the judgment on or about July 24, 2010. (Notice of Motion to Vacate dated July 24, 2010.) The Nassau County Court denied petitioner's motion on September 2, 2010. *People v. Vasquez*, Motion Cal. C-650, SCI No. 818N/2007 (County Court, Nassau County, Sept. 2, 2010). The Appellate Division subsequently denied petitioner's application for leave to appeal the Nassau County Court's September 2, 2010 Order on November 30, 2010. *People v. Vasquez*, Ind. No. 818/07 (N.Y. App. Div. Nov. 30, 2010).

On May 4, 2011, *pro se* petitioner filed the instant application before this Court for a writ of habeas corpus. In his petition, petitioner claims that his counsel was

---

through to the Grand Jury, at least three of the counts would have been upgraded to A-II felonies, each of which would carry a minimum term of imprisonment of ten years to life and a maximum of twenty-five years to life. (*Id*. at 5-6.) According to the plea agreement, in satisfaction of all docket numbers, petitioner would plead guilty to the single crime of criminal sexual act in this first degree. (*Id.* 4-5.) The plea agreement was contingent on petitioner pleading guilty and waiving his right to appeal both the plea and the sentence of the court. (*Id*. at 5.)

[2] Before defendant changed his plea from not guilty to guilty, the court told the defendant that if after reading the presentence report it was necessary to sentence petitioner to a term longer than eighteen years' imprisonment with five years' post-release supervision, the court would allow him to withdraw his plea. (Plea Tr. at 8.)

2

ineffective because: (1) his counsel misinformed him of his deportation status due to improperly understanding the court report; (2) his counsel never tried to find evidence of his innocence; and (3) the counsel who appeared on his behalf was not his attorney. (*Id.* at 4-5.) Petitioner also contends that his plea was not knowing or intelligent due to the fact that he was drunk at the time of the alleged criminal activity. (*Id.* at 5.) On August 25, 2011, respondent filed a motion to dismiss the petition. On September 22, 2011, petitioner filed a reply to respondent's motion. The Court has fully considered all submissions of the parties.

## II. DISCUSSION

Respondent seeks to dismiss the instant habeas corpus petition because petitioner failed to file his petition for habeas corpus within the applicable statute of limitations provided by 28 U.S.C. §2244(d)(1). For the reasons set forth below, this Court concludes that Vasquez's's petition is untimely under Section 2244(d), and there is no basis for equitable tolling of the statute of limitations.

### A. Statute of Limitations

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") imposes a one-year statute of limitations on state prisoners seeking habeas corpus review in federal court. 28 U.S.C. § 2244(d)(1). The statute begins to run from the latest of:

> (A) the date on which the [petitioner's] judgment [of conviction] became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1)(A-D). Pursuant to AEDPA, "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation." 28 U.S.C. § 2244(d)(2). The Second Circuit has held that "[a] state court application or motion for collateral relief is 'pending' from the time it is first filed until finally disposed of and further appellate review is unavailable under the particular state's procedures." *Bennett v. Artuz*, 199 F.3d 116, 120 (2d Cir. 1999); *see also Carey v. Saffold*, 536 U.S. 214, 217, 220-21 (2002); *Smith v. McGinnis*, 208 F.3d 13, 17 (2d Cir. 2000); *Gant v. Goord*, 430 F. Supp. 2d 135, 138 (W.D.N.Y. 2006).

Pursuant to New York law, within thirty days of service of the order sought to be appealed, an appellant must make an application for a certificate granting leave to appeal to the New York Court of Appeals. N.Y.C.P.L. § 460.10(5). Therefore, when a defendant fails to appeal a decision of the

3

New York Supreme Court, Appellate Division, the conviction becomes final thirty days after the service of Notice of Entry. *See Padilla v. Keane*, No. 03 Civ. 357(VM), 2003 WL 22462004, at * 1 (S.D.N.Y. Oct. 29, 2003) (appeal to the court of appeals from an order of an intermediate appellate court must be taken within 30 days) (citing *M.P. v. Perlman*, 269 F. Supp. 2d 36, 38 (E.D.N.Y. June. 10, 2003)).

In the instant case, because subsections (B) through (D) of Section 2244(d)(1) are inapplicable, the statute of limitations began to run on the date petitioner's conviction became final, pursuant to Section 2244(d)(1)(A).[3]

On April 9, 2007, petitioner pled guilty to one count of Criminal Sexual Assault in the First Degree and was sentenced on July 12, 2007 to eighteen years' imprisonment and five years' post-release supervision. The Second Department affirmed petitioner's conviction on April 7, 2009. Notice of Entry of the New York Supreme Court, Appellate Division's Order was served on May 8, 2009. Thus, petitioner had until June 7, 2009 to seek leave to appeal the Second Department's decision. However, petitioner failed to seek leave to appeal to the Court of Appeals. Accordingly, petitioner's conviction became final on June 7, 2009, and petitioner's time to file his petition expired on June 7, 2010.[4]

Under AEDPA, the "time during which a properly filed application for State post-conviction or other collateral review with

---

[3] Although petitioner makes a conclusory statement that he is entitled to delay under 28 U.S.C. § 2244(d)(1)(D), he fails to provide any basis for the application of that provision. In particular, there is no evidence of a newly discovered factual predicate. To the contrary, all of petitioner's alleged claims – including that he did not understand his attorney's advice, that his attorney did not investigate his case, and that he was drunk when he sexually abused the victim – were all known to him at the time of his plea and throughout the limitations period. Thus, there is no basis for the application of Section 2244(d)(1)(D).

[4] Respondent takes the position that petitioner's conviction became final on September 5, 2009, not June 7, 2009. Specifically, respondent states that, after petitioner's time to seek leave to appeal to the New York Court of Appeals expired, the conviction was not final until 90 days later, on September 5, 2009, when his time to file for certiorari with the United States Supreme Court had expired. (Resp. Memo of Law, 4-5.) However, given that petitioner failed to seek leave to appeal to the highest state court, the United States Supreme Court could not review his case. *See Gorman v. Washington Univ.*, 316 U.S. 98, 100-01 (1942) (dismissing writ of certiorari where discretionary review was not sought from "the last state tribunal . . . to which the cause could be brought for review which is the highest court of a State in which a decision could be had within the meaning of the jurisdictional statute") (quotations and citations omitted). Under such circumstances, the 90-day period to seek certiorari from the United States Supreme Court is not counted. *See, e.g.*, *Riddle v. Kemna*, 523 F.3d 850, 855 (8th Cir. 2008) ("This court holds that, because the United States Supreme Court could not have reviewed [petitioner's] direct appeal, 'the expiration of time for seeking direct review' does not include the 90-day period for filing for certiorari.") (quoting *Hemmerle v. Schriro*, 495 F.3d 1069, 1074 (9th Cir. 2007)); *accord Pugh v. Smith*, 465 F.3d 1295, 1299-1300 (11th Cir. 2006); *Roberts v. Cockrell*, 319 F.3d 690, 694 (5th Cir. 2003); *Wesley v. Snedeker*, 159 Fed. App'x 872, 873-74 (10th Cir. 2005); *Feenin v. Myers*, 110 Fed. App'x 669, 671 (6th Cir. 2004); *see also Tuggle v. Guarini*, No. SA CV 08-82-MMM(E), 2009 WL 192890, at *1 (C.D. Cal. Jan. 21, 2009) ("Because Petitioner did not appeal to the California Court of Appeal, much less seek review in the California Supreme Court, there never existed any period of time during which he could have petitioned the United States Supreme Court for certiorari. Accordingly, the finality of Petitioner's conviction did not await the expiration of this non-existent period of time.") In any event, as discussed in respondent's brief and *infra*, the petition would still be untimely even if the petitioner is given the benefit of this additional 90-day period and his conviction became final on September 5, 2009.

respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." 28 U.S.C. § 2244(d)(2); *see Duncan v. Walker*, 533 U.S. 167 (2001). However, a state court application that is decided well before the statute of limitations begins to run does not toll the statute of limitations. *See Lozada v. Cripps*, No. 09 Civ. 8897 (DAB)(THK), 2010 WL 7113583, at *5 (S.D.N.Y. Dec. 17, 2010), *report and recommendation adopted by,* No. 09 Civ. 8897 (DAB), 2011 WL 3251576 (S.D.N.Y. July 28, 2011) (§ 440.10 motion, § 330.30 motion, and state writ of habeas corpus filed in state court did not toll the AEDPA statute of limitations because they were decided before the statute of limitations began to run). Moreover, a state collateral proceeding commenced after the one-year limitations period has already expired does not reset the start of the limitations period. *See Smith v. McGinnis*, 208 F.3d 13, 16-17 & n.2 (2d Cir. 2000). In this case, neither of petitioner's motions to vacate tolls the statute of limitations. Petitioner's first motion to vacate does not toll the statute of limitations because the County Court denied the motion on September 17, 2007, almost two years before the one year statute of limitations began to run. *See Lozada*, 2010 WL 7113583, at *5. Additionally, petitioner's second motion to vacate was filed on July 24, 2010, more than a month after petitioner's conviction became final and, therefore, did not "reset the start of the limitations period." *See Smith*, 208 F.3d at 16-17 & n.2.

Therefore, in order for Vasquez's petition to be timely it must have been filed before June 7, 2010. Accordingly, because petitioner did not file his petition until May 4, 2011, almost one year after the time period to file had expired, the Court concludes that this petition is untimely.[5]

### B. Equitable Tolling of the Statute of Limitations

Although the instant petition is untimely, in "rare and exceptional" circumstances, the one-year statute of limitations is subject to equitable tolling. *See Smith*, 208 F.3d at 17; *see also Warren v. Garvin*, 219 F.3d 111, 113 (2d Cir. 2000). In order to obtain the benefit of equitable tolling, a petitioner must make two showings: (1) he must demonstrate that "extraordinary circumstances prevented him from filing his petition on time;" and (2) he must have "acted with reasonable diligence throughout the period he seeks to toll." *Smith*, 208 F.3d at 17 (citation omitted). The petitioner bears the burden to affirmatively show that he is entitled to equitable tolling. *See Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005); *Muller v. Greiner*, 139 F. App'x 344, 345 (2d Cir. 2005).

In the instant case, petitioner has failed to demonstrate that "extraordinary circumstances" prevented him from properly filing his habeas corpus petition in a timely

---

[5] Even if petitioner is given the benefit of the 90-day period for seeking certiorari to the Supreme Court, his petition is still untimely. In particular, with the additional 90-day period, petitioner's conviction became final on September 5, 2009, and he had one year thereafter to seek habeas relief. The time limitation would have been tolled from July 24, 2010, when he filed his motion to vacate judgment, until November 30, 2010, when the Appellate Division denied leave to appeal the adverse decision on that motion. As of July 24, 2010, petitioner had 43 days remaining in which he could timely file his habeas petition. Thus, he needed to file such petition by January 12, 2011, which is 43 days from November 30, 2010. Petitioner filed the petition on May 2, 2011, which is almost 4 months after the expiration of his one-year period. Thus, even under a calculation that includes the 90-day certiorari period, the petition is clearly untimely.

fashion. Petitioner acknowledges that his petition is untimely, but alleges that his defect should be ignored because petitioner does not speak English and because he has been unable to receive proper assistance with his petition while incarcerated.

A prisoner's inability to speak English and obtain legal assistance is not an "extraordinary circumstance" that warrants equitable tolling. *See Tan v. Bennett*, No. 00CIV6413 (GEL), 2001 WL 823869, at *2 (S.D.N.Y. July 20, 2001) ("[d]istrict judges in this Court and elsewhere have unanimously held that lack of English proficiency is insufficient to justify the equitable tolling of the one-year limitations period") (collecting cases); *accord Martinez v. Kuhlmann*, No. 99 Civ. 1094 (MBM), 2000 WL 622626, at *3 (S.D.N.Y. May 15, 2000) (not permitting equitable tolling on the basis of petitioner's inability to speak English and difficulty obtaining legal assistance in the prison because "[t]o permit equitable tolling in all cases involving such problems would frustrate the statute's objectives, because many inmates could make the same claims."); s*ee also Romero v. Ercole*, No. 08-CV-4983 (RRM), 2009 WL 1181260, at *5 (E.D.N.Y. Apr. 30, 2009) (holding that "neither [petitioner's] lack of legal assistance nor his own lack of legal knowledge provides a basis for equitably tolling the statute of limitations"); *Ayala v. Miller*, No. 03-CV-3289 (JG), 2004 WL 2126966, at *2 (E.D.N.Y. Sept. 24, 2004) ("Neither a prisoner's pro se status, nor his lack of legal expertise, provides a basis for equitable tolling of AEDPA's statute of limitations." (citations omitted)); *Wilson v. Bennett*, 188 F. Supp. 2d 347, 354 (S.D.N.Y. 2002) ("[L]ack of legal knowledge cannot excuse a delay in filing a petition."); *Brown v. Superintendent, Elmira Corr. Facility*, No. 97-Civ. 3303 (MBM), 1998 WL 75686, at *4 (S.D.N.Y. Feb. 23, 1998) ("[A] self-serving statement that the litigant is ignorant of the law is not grounds for equitable tolling of a statute of limitations").

In short, petitioner has not presented any grounds that warrant equitable tolling. Nor has petitioner made a showing of actual innocence.[6] *See Whitley v. Senkowski*, 317 F.3d 223, 225 (2d Cir. 2003) (holding that it was in error to dismiss a petition claiming actual innocence, on statute of limitations grounds, without further analysis). Accordingly, the petition is dismissed as time-barred.

---

[6] It should be noted that, although it was not set forth in Vasquez's initial petition, Vasquez asserts in his reply that the court should grant a hearing on the claim of actual innocence despite the untimeliness of the petition. (Pet. Reply at ¶ 5.) Petitioner alleges that he was intoxicated at the time of the crime and therefore some of the elements of his crime were negated. (*Id.*) As a threshold matter, petitioner did not properly raise the issue of actual innocence in his initial petition, and he was not reasonably diligent in pursuing this claim, which was known to him at the time of his plea. In any event, in order to establish actual innocence, "petitioner must demonstrate that, in light of all the evidence, it is more likely than not that no reasonable juror would have convicted him." *Fountain v. United States*, 357 F.3d 250, 255 (2d Cir. 2004) (quoting *Bousley v. United States*, 523 U.S. 614, 623 (1998)). Furthermore, in the context of a habeas petition following a guilty plea, "'actual innocence' means factual innocence, not mere legal insufficiency." *Id.* (quoting *Bousley*, 523 U.S. at 623) (emphasis added). Under this standard, petitioner has failed to provide any credible, non-conclusory, evidence of actual innocence. In short, petitioner has failed to establish that his time-barred petition should be heard based upon a credible claim of actual innocence.

### III. CONCLUSION

For the reasons discussed above, the petition for a writ of habeas corpus is dismissed as time-barred. Because petitioner has failed to make a substantial showing of a denial of a constitutional right, no certificate of appealability shall issue. *See* 28 U.S.C. § 2253(c)(2). The Clerk of the Court shall enter judgment accordingly and close the case.

SO ORDERED.

_____
JOSEPH F. BIANCO
United States District Judge

Dated: December 22, 2011
Central Islip, NY

\* \* \*

Petitioner is proceeding *pro se*. Respondent is represented by, Sarah S. Rabinowitz, Esq. of the Nassau County District Attorney's Office, 262 Old Country Road, Mineola, NY 11501.